**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF**
**IOWA CENTRAL DIVISION**

| | |
|---|---|
| RONDA QUINN,<br><br>             Plaintiff;<br><br>vs.<br><br>HAUGE ASSOCIATES, INC.,<br><br><br>             Defendants. | **Civil Action No.**<br><br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Ronda Quinn, by and through her attorney Samuel Z. Marks, and for her Complaint against the Defendant, Hauge Associates, Inc., states as follows:

## I.     INTRODUCTION

1. This is an action for damages brought by an individual consumer against Hauge Associates, Inc. (hereinafter "Hauge") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. This action for damages is also brought by an individual consumer against Hauge for violations of the Iowa Debt Collections Practices Act Iowa Code § 537.7103 (hereinafter "IDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.     JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. The court further has jurisdiction to hear the Plaintiff's IDCPA claim pursuant to 28 U.S.C. § 1367(a).

1

4.  Venue in this District is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in Polk County, Iowa.

### III.   PARTIES

5.  Plaintiff, Ronda Quinn, (hereinafter "Quinn") is a natural person residing in Polk County, Iowa and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined in Iowa Code § 537.7102(6).

6.  Hauge is registered to do business in the state of Iowa and has a registered agent of Randy Waagmeester located at 204 1st Ave, Rock Rapids, IA 51246.

7.  Hauge is a "debt collector" as defined at Iowa Code § 537.7102(5) and 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

8.  On January 23, 2018, Quinn filed for Bankruptcy relief under Chapter 7 of Title 11 of the United States Code (Bankruptcy Code) in the United States Bankruptcy Court for the Southern District of Iowa. Said filing was assigned case number 18-00137.

9.  At the time that the bankruptcy was filed an Order for Automatic Stay was entered which barred all creditors from attempting to collect on debts included in the Bankruptcy Petition or contact Quinn directly concerning these debts.

10. Quinn included Hauge as a creditor on Schedule E/F of her Bankruptcy Petition.

11. Quinn received a letter dated January 29, 2018 attempting to collect an alleged debt (hereinafter "the debt") from Hauge. The letter was sent in a deceptive manner by using an envelope that did not disclose who the letter was from.

2

12. At the time the letter was sent Defendants were aware that Quinn was represented by counsel with respect to the debt, but contacted Quinn directly instead of through counsel.

13. The letter misrepresented the nature of the debt currently included in a pending bankruptcy by stating that they may garnish her wages or bank accounts.

14. The letter further misrepresented that a balance of $1,642.07 was due.

15. These attempts to collect a debt are in direct violation of the automatic stay issued by the Bankruptcy Court pursuant to 11 U.S.C. § 362(a).

## V.   CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.

16. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

17. Hauge through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1692 et seq.:

    a. 1692(c)(a)(2) Hauge communicated with the Plaintiff and without the prior consent of the Plaintiff or the express permission of a court of competent jurisdiction. Hauge was not permitted to communicate with the Plaintiff in connection with the collection of the debt, since Hauge knew the Plaintiff was represented by an attorney with respect to the debt and had knowledge of, or could readily ascertain, such attorney's name and address. Further Hauge communicated with the Plaintiff when barred by 11 U.S.C. § 362(a);

b. 1692e(2)(A) Hauge made a false representation of the character, amount, or legal status of the debt;

c. 1692e(5) Hauge threatened to take an action that cannot legally be taken or that is not intended to be taken;

d. 1692e(10) Hauge attempted to collect the debt through false representation or deceptive means;

e. 1692f Hauge used unfair or unconscionable means to collect or attempt to collect any debt; and

f. 1692f(1) Hauge attempted to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

18. As a result of each and every violation from Defendant of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**WHEREFORE,** Quinn prays that judgment be entered against Hauge as follows:

a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. For such other and further relief as may be just and proper.

**SECOND CLAIM FOR RELIEF: VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT, IOWA CODE § 537.7103**

19. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

20. Defendant through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the IDCPA including, but not limited to, the following provisions of the Iowa Code § 537.7103:

    a. 537.7103(1)(f) Hauge took an action or threatened to take an action to collect the debt prohibited by this chapter or any other law;

    b. 537.7103(4)(e) Hauge made a fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt through an intentional misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding;

    c. 537.7103(5)(e) Hauge communicated with the Plaintiff to collect the debt when Hauge knew that the Plaintiff was represented by an attorney and the attorney's name and address were known, or could be easily ascertained.

21. As a result of each and every violation by Hauge of the IDCPA, Plaintiff is entitled to actual damages pursuant to Iowa Code § 537.5201(1)(y); statutory damages in an amount between $100 and $1,000.00 pursuant to Iowa Code § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to Iowa Code § 537.5201(8) from Hauge herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant as follows:

a.  For an award of actual damages for Hauge's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

b.  For an award of statutory damages of $1000.00 for Hauge's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

c.  For an award of award of the costs of this action and reasonable attorney fees for Hauge's violations of the IDCPA pursuant to Iowa Code § 537.5201(8); and

d.  For such other and further relief as may be just and proper.

## VI.    JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

MARKS LAW FIRM, P.C.

/s/ Samuel Z. Marks
Samuel Z. Marks
Attorney I.D. # IS9998821
4225 University Avenue
Des Moines, Iowa  50311
(515) 276-7211
FAX (515)276-6280
EMAIL sam@markslawdm.com
        office@markslawdm.com
ATTORNEY FOR PLAINTIFF
RONDA QUINN